UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANARD KITCHENS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN W. TYLER, et al.,<br><br>　　　　　Defendants. | CASE NO. 1: 15-cv-01309-LJO-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

## I. PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 5.)

Plaintiff's Complaint is now before the Court for screening. (ECF No. 1.)

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any

time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. SUMMARY OF COMPLAINT

Plaintiff identifies California Highway Patrol ("CHP") Officer John W. Tyler, CHP special counsel Jonathan Rothman, and CHP Lieutenant Commander D.W. Knoff as Defendants.

Plaintiff's allegations can be summarized essentially as follows:

On May 9, 2010, Plaintiff attempted to commit "suicide by cop" during a traffic stop by Defendant Tyler in Hanford, California. Plaintiff was charged with attempted murder of a peace officer and wrongfully convicted. Plaintiff is currently serving his time at Pleasant Valley State Prison.

Defendant Tyler lied to detectives of the King County Sheriff's Office regarding the incident. In March 2012, at Plaintiff's trial, Defendant Tyler committed perjury by testifying that Plaintiff stated "Don't shoot. Don't shoot. Please don't kill me." (ECF No.1 at 4.) This testimony was the only evidence presented at trial as to Plaintiff's intent.

During Plaintiff's appeal of his conviction, he discovered there was an audio recording of the incident on May 9, 2010, which Defendant Tyler altered in order to conceal exculpatory evidence. In September 2013, Plaintiff requested on numerous occasions the complete original recording from Defendant Tyler. Defendant Tyler did not respond, which "Plaintiff concluded . . . was a deliberate act to conceal evidence so as to prevent Plaintiff from bringing a claim on direct appeal." (ECF No. 1 at 9.)

In December 2013, Plaintiff sent a request to CHP headquarters. Defendant Rothman responded that the requested documents were exempt from disclosure. Plaintiff contacted Internal Affairs who ordered that the records be produced. Defendant Rothman has yet to produce the documents because he wants to conceal exculpatory evidence and prevent Plaintiff from bringing a claim on appeal.

Plaintiff filed a complaint against Defendant Tyler for altering and withholding

2

evidence and making false statements.  Defendant Knoff failed to conduct a meaningful investigation of Plaintiff's complaint by responding "I have determined that you had your day in court. . ."  (ECF No. 1 at 13.)  Defendant Knoff knew of Defendant Tyler's misconduct and conspired with Defendant Rothman to prevent Plaintiff from appealing his conviction on this basis.

As a result of Defendants' conduct, Plaintiff was not able to raise a claim regarding Defendant Tyler's misconduct in his appeal.  Defendants' conduct has delayed Plaintiff's pursuit of post-conviction relief.  Because Plaintiff attempted to appeal his conviction, Defendants Tyler and Rothman retaliated against Plaintiff by concealing evidence and Defendant Knoff retaliated against Plaintiff by denying him access to the Internal Affairs grievance process.

Plaintiff seeks injunctive relief, damages, and costs for Defendants' violation of his First, Fifth, and Fourteenth Amendment rights.

**IV.    ANALYSIS**

    **A.    Section 1983**

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'"  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*

**B.   Access to Courts**

Plaintiff has a constitutional right of access to the courts. *See, e.g., Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right is limited to bringing complaints to federal court in direct criminal appeals, habeas petitions, and civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). It is not a right to discover such claims or to litigate them effectively once filed with a court. *Id.* at 354-55. A plaintiff must show that he suffered an "actual injury," *i.e.* prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. *Id.* at 348-49. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. *Id.* at 351.

Where a prisoner asserts a backward-looking denial of access claim – one seeking a remedy for a lost opportunity to present a legal claim – he must show: 1) the loss of a "nonfrivolous" or "arguable" underlying claim, 2) "the official acts frustrating the litigation," and 3) "a remedy that may be awarded as recompense but [that is] not otherwise available in some suit that may yet be brought." *Christopher v. Harbury*, 536 U.S. 403, 415, 417 (2002) (noting that a backward-looking denial of access complaint "should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued.").

It is not clear from Plaintiff's allegations whether he complains of an injury with respect to contemplated litigation or a lost opportunity in his previously filed appeal. Plaintiff alleges at one point that his "direct appeal came to an end," and then, at another point, that he has been delayed in bringing a claim, that he was prevented from doing so while represented by appointed counsel, and that he is now unable to afford a private attorney to assist him. (ECF No. 1 at 14-15.) To the extent that Plaintiff wishes to assert a backward-looking denial of access claim for his lost opportunity to present a claim in his appeal, he has not alleged what the "nonfrivolous" underlying claim would be, as required by Fed. R. Civ. Proc. 8(a) or the remedy that can be awarded that is not otherwise available to him in a suit yet to be brought. Plaintiff should also clarify whether his criminal appeal is pending and the outcome of the appeal. *See Morales v. City of Los Angeles*, 214 F.3d 1151, 1155 (9th Cir. 2000) ("denial-of-access-to-the-courts claims arising from alleged police misconduct . . . are not ripe until the trial court proceedings are concluded adversely to the plaintiffs.")). Plaintiff will be granted leave to amend.

**C.    Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that he was engaged in protected conduct (pursuing a legal action), and that Defendants took adverse action against him (concealed evidence and denied his Internal Affairs grievance). However, Plaintiff has not alleged facts as to whether these actions chilled his First Amendment rights or they would chill that of a person of ordinary firmness and whether or not the alleged adverse acts advanced legitimate correctional goals. Additionally, Plaintiff's speculation that Defendants'

conduct was motivated by his filing his appeal is insufficient. Plaintiff must allege facts to support a retaliatory mindset. *See Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing in addition to other evidence, including statements). Plaintiff will be granted leave to amend.

### D.     Heck Bar

Often referred to as the *Heck* bar, the favorable termination rule bars any civil rights claim which, if successful, would demonstrate the invalidity of confinement or its duration. Such claims may be asserted only in a *habeas corpus* petition. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists); *see also Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (the application of *Heck* "turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement"); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that a claim for monetary and declaratory relief challenging the validity of procedures used to deprive a prisoner of good-time credits is not cognizable under § 1983).

It appears from Plaintiff's Complaint that a finding in his favor on his access to courts claim will necessarily render his conviction invalid. To the extent that Plaintiff claims Defendants withheld exculpatory evidence which would prove his innocence and negate an essential element of his crime (his intent) and he was denied the ability to raise such a claim on appeal, he must pursue the claim in a *habeas corpus* petition. If Plaintiff is merely seeking *potentially* exculpatory evidence (the audiotape recording of Defendant Tyler), he should so state and clarify how the relief he seeks will **not** demonstrate the invalidity of his confinement or its duration.

### E. Injunctive Relief

Plaintiff seeks an order re-opening the CHP internal affairs investigation against Defendant Tyler. Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (*quoting Winter*, 555 U.S. at 20).

Plaintiff has failed to show that he is likely to succeed on the merits or that the balance of equities tips in his favor since he has failed to state a cognizable claim. He also fails to allege how he would suffer irreparable harm if the relief he seeks is not granted or that an injunction is in the public's interest.

### V. CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an "amended complaint supersedes the original" complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Here, the amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under

penalty of perjury.  Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's Complaint (ECF No. 1.) is DISMISSED for failure to state a claim upon which relief may be granted;

2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his signed Complaint filed August 26, 2015;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim, failure to comply with a court order, and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   October 8, 2015              /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE