UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANARD KITCHENS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHN W. TYLER, et al.,<br><br>　　　　Defendants. | CASE NO. 1: 15-cv-01309-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 9)<br><br>FOURTEEN (14) DAY OBJECTION DEADLINE |

**I.　PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 5.)

The Court screened Plaintiff's Complaint and dismissed it with leave to amend. (ECF No. 8.) Plaintiff's First Amended Complaint ("FAC") is now before the Court for screening. (ECF No. 9.)

**II.　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

### III.     SUMMARY OF COMPLAINT

Plaintiff identifies California Highway Patrol ("CHP") Officer John W. Tyler, CHP special counsel Jonathan Rothman, and CHP Lieutenant Commander D.W. Knoff as Defendants.

Plaintiff's allegations can be summarized essentially as follows:

On May 9, 2010, Plaintiff attempted to commit "suicide by cop" during a traffic stop by Defendant Tyler in Hanford, California.  Plaintiff was charged with attempted murder of a peace officer and wrongfully convicted.  Plaintiff is currently serving his time at Pleasant Valley State Prison.

Defendant Tyler lied to detectives of the King County Sheriff's Office regarding the incident.  In March 2012, at Plaintiff's trial, Defendant Tyler committed perjury by testifying that Plaintiff stated "Don't shoot. Don't shoot. Please don't kill me."  (ECF No. 9 at 4.)  This testimony was the only evidence presented at trial as to Plaintiff's intent.

During Plaintiff's direct appeal of his conviction, he discovered there was an audio recording of the incident on May 9, 2010, which Defendant Tyler altered in order to conceal exculpatory evidence.  In September 2013, during the pendency of Plaintiff's direct appeal, he requested on numerous occasions the complete original recording from Defendant Tyler.  Defendant Tyler did not respond, which "Plaintiff concluded . . . was a deliberate act to conceal evidence so as to prevent Plaintiff from bringing a claim on direct appeal."  (ECF No. 9 at 9.)

2

In December 2013, Plaintiff sent a request to CHP headquarters. Defendant Rothman responded that the requested documents were exempt from disclosure. Plaintiff contacted Internal Affairs who ordered that the records be produced. Defendant Rothman has yet to produce the documents because he wants to conceal exculpatory evidence and prevent Plaintiff from bringing a claim on appeal.

Plaintiff filed a complaint against Defendant Tyler for altering and withholding evidence and making false statements. Defendant Knoff failed to conduct a meaningful investigation of Plaintiff's complaint by responding "I have determined that you had your day in court. . ." (ECF No. 9 at 13.) Defendant Knoff knew of Defendant Tyler's misconduct and conspired with Defendant Rothman to prevent Plaintiff from appealing his conviction on this basis.

As a result of Defendants' conduct, Plaintiff was not able to raise a claim regarding Defendant Tyler's misconduct in his appeal. Plaintiff's appeal was denied and his conviction affirmed. Plaintiff is seeking to file a habeas petition but is unable to do so without the CHP audio recording, which Defendants are concealing.

Defendants Tyler and Rothman denied Plaintiff access to the courts in violation of his First, Fifth, and Fourteenth Amendment rights. Defendant Knoff denied Plaintiff access to the courts by denying Plaintiff access to the CHP grievance process in violation of the First, Fifth, and Fourteenth Amendments. Defendants' conduct has delayed Plaintiff's pursuit of post-conviction relief and caused him emotional distress.

Plaintiff seeks an order requiring Defendants to provide him with the audio recording and damages and costs.

## IV. ANALYSIS

### A. Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983).

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*

**B.    Access to Courts**

Plaintiff has a constitutional right of access to the courts. *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002) (noting the right is grounded in the Privileges and Immunities clause, the First Amendment petition clause, the Fifth Amendment due process clause, and the Fourteenth Amendment equal protection and due process clauses); *see, e.g., Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right is limited to bringing complaints to federal court in direct criminal appeals, habeas petitions, and civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). It is not a right to discover such claims or to litigate them effectively once filed with a court. *Id.* at 354-55. A plaintiff must show that he suffered an "actual injury," *i.e.* prejudice with

respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. *Id.* at 348-49. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. *Id.* at 351.

Where a prisoner asserts a backward-looking denial of access claim – one seeking a remedy for a lost opportunity to present a legal claim – he must show: 1) the loss of a "nonfrivolous" or "arguable" underlying claim, 2) "the official acts frustrating the litigation," and 3) "a remedy that may be awarded as recompense but [that is] not otherwise available in some suit that may yet be brought." *Christopher v. Harbury*, 536 U.S. at 415, 417 (noting that a backward-looking denial of access complaint "should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued.").

Plaintiff alleges that Defendants are interfering with his right to file a habeas petition by not providing him with evidence which he believes is exculpatory, and which he believes is necessary to support his request for post-conviction habeas relief. The denial of a meaningful access to the courts claim can be "established where a party engages in pre-filing actions which effectively covers-up evidence and renders any state court remedies ineffective." *Delew v. Wagner*, 143 F. 3d 1219, 1222 (9th Cir. 1998) (*citing Swekel v. City of River Rouge*, 119 F. 3d 1259, 1263-1264 (6th Cir. 1997)).

Plaintiff has not alleged, nor can he at this point, that all of his state court remedies have been rendered ineffective. While Plaintiff alleges his direct appeal was affirmed, he has not yet filed a habeas petition. Plaintiff cannot merely anticipate that a state court remedy will be ineffective because of Defendants' actions; he must first pursue said remedies and do so before bringing an access to courts claim. *See Swekel*, 119 F. 3d at 1264. His claim thus should be dismissed. Because Plaintiff may be able to state a claim for relief if Defendants' actions in fact do render all of his state court remedies ineffective, it is recommended that this case be dismissed without prejudice.

Plaintiff further alleges that Defendant Knoff denied him access to the courts by denying him access to the CHP grievance process.  Plaintiff does not allege that Defendant Knoff did anything to frustrate him filing a CHP grievance.  Defendant Knoff's denial of the CHP grievance did not in itself hinder Plaintiff from filing suit.  Plaintiff has also not alleged any "actual injury" with respect to Defendant Knoff's denial of his grievance.  Plaintiff cannot state a claim for access to the courts based on these facts.  Leave to amend is denied as futile.

### C. Injunctive Relief

Plaintiff seeks an order for Defendants to provide him with a copy of the CHP audio recording.  Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right."  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (*quoting Winter*, 555 U.S. at 20).

Plaintiff has not alleged the above elements.  Plaintiff was advised of the requirements for seeking injunctive relief and the deficiencies in his complaint but failed to correct them.  As noted above, Plaintiff cannot state a claim for access to courts and therefore cannot establish that he is entitled to his requested injunctive relief at this time.  Leave to amend is denied, and it is recommended that Plaintiff's request for injunctive relief be dismissed without prejudice.

### V. CONCLUSION AND ORDER

Plaintiff's FAC does not state a claim upon which relief may be granted.  Plaintiff may be able to if in fact Defendants' actions prove to render all of his state court remedies ineffective.  The undersigned recommends that the action be dismissed

without prejudice and that the Clerk of the Court terminate any and all pending motions and close the case.

The Clerk should send Plaintiff a copy of his FAC filed on October 26, 2015 (ECF No. 9.) with this order.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with the findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   November 20, 2015             /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE